UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60836

MARIE IACUONE, individually and on
behalf of all those similarly situated,

    Plaintiff,

v.                                                                          **CLASS ACTION**

ADMIN RECOVERY, LLC,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff MARIE IACUONE ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant ADMIN RECOVERY, LLC ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1.**     **JURISDICTION AND VENUE**

    1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337. Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

    2.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business in this District, and the complained conduct of Defendant occurred in this District.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**2.     PARTIES**

3.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant is a New York corporation, with its principal place of business located in Williamsville, NY.

5.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6.     At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

**3.     DEMAND FOR JURY TRIAL**

7.     Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**4.     ALLEGATIONS**

8.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

9.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10.     Defendant is a business entity engaged in the business of collecting consumer debts.

11.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.     Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

13. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA9901830.

14. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

15. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

16. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

17. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

18. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

19. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

20. Defendant mailed a collection letter, dated January 16, 2020 to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

21. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

22. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

23. Defendant identifies itself as a "debt collector" in the Collection Letter.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. The following is an excerpt from the Collection Letter:

**UNLESS YOU NOTIFY THIS OFFICE <u>IN WRITING</u> WITHIN THIRTY (30) DAYS AFTER RECEIVING this NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THAT THIS DEBT IS VALID.** IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

<u>Exhibit A</u> (emphasis added).

**5.     CLASS ALLEGATIONS**

25. This action is brought on behalf of the following two classes: the "FDCPA Class" and the "FCCPA Class."

26. The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who were sent a letter (3) from Defendant (4) that states "[u]nless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that this debt is valid" (5) during the twelve [12] months preceding the filing of this Complaint.

27. The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) that states "[u]nless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that this debt is valid" (5) during the twenty-four [24] months preceding the filing of this Complaint.

28. Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which state that the Consumer must dispute the Consumer Debt in writing.

5.1   EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

29. Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

30. The factual issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated the FDCPA.

31. The factual issues common to the FCCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a debt, and whether Defendant, by and through said letter, violated the FCCPA.

32. The factual issues common to the Classes are whether class members, in response to a collection letter or other collection attempts from Defendant, paid Defendant money that Defendant did not any statutory or contractual right and/or authority to collect or otherwise attempt to collect.

33. The principal legal issue for the FDCPA Class is whether Defendant, by stating the consumer must dispute the consumer debt in writing, violated § 1692g(a)(3) and § 1692e of the FDCPA.

34. The principal legal issue for the FCCPA Class is whether Defendant, by stating the consumer must dispute the consumer debt in writing, violated § 559.72(9) of the FCCPA.

PAGE | **5** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

35. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

### 5.2 TYPICALITY

36. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

### 5.3 ADEQUACY

37. Plaintiff is an adequate representative of each of the classes.

38. Plaintiff will fairly and adequately protect the interests of the classes.

39. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

### 5.4 PREDOMINANCE AND SUPERIORITY

40. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

41. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

### *COUNT I.*
### **VIOLATION OF 15 U.S.C. § 1692g(a)(3)**

42. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-41 as though fully set forth herein.

43. 15 U.S.C. §1692g(a)(3) states after an initial communication the Defendant must provide Plaintiff with:

> [A] a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

44. Defendant's Collection Letter falsely states that the consumer must dispute the consumer debt in writing within thirty (30) days despite the clear wording of 15 U.S.C. §1692g(a)(3) which contains no such requirement that the consumer must dispute the debt in writing.

45. By falsely claiming to have given Plaintiff the information required by the FDCPA, Defendant mislead Plaintiff and the Class into believing that the Demand Letter contained the proper notice required by the FDCPA.

46. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

  (b)  Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

  (c)  Such other or further relief as the Court deems proper.

## *COUNT II.*
## **VIOLATION OF 15 U.S.C. § 1692e**

  47. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-41 as though fully set forth herein.

  48. Section 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  49. As stated above, Defendant's Collection Letter falsely states that the consumer must dispute the consumer debt in writing within thirty (30) days despite the clear wording of 15 U.S.C. §1692g(a)(3) which contains no such requirement that the consumer must dispute the debt in writing within thirty (30) days.

  50. By falsely claiming to have given Plaintiff the information required by the FDCPA, Defendant mislead Plaintiff and the Class into believing that the Collection Letter contained the proper notice required by the FDCPA.

  51. The Collection Letter would confuse and mislead the least sophisticated consumer into believing that he/she could only dispute the validity of the debt in writing.  Moreover, given the misleading nature of Defendant's Collection Letter, the least sophisticated consumer would be led to believe that they could not dispute the validity of the debt via phone call or in person.

PAGE | **8** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

52. Further, Defendant deceptively attempted to collect information concerning Plaintiff by falsely representing in the Collection Letter that the debt could only be disputed in writing, as § 1692g(a)(3) allows consumers to dispute the applicable debt orally.

53. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(d)     Statutory damages, as provided under 15 U.S.C. §1692k;

(e)     Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(f)     Such other or further relief as the Court deems proper.

### COUNT III.
### VIOLATION OF FLA. STAT. § 559.72(9)

54. On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-41 as though fully set forth herein.

55. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

56. Defendant is an entity governed by Fla. Stat. § 559.72(9), *in that*, it is a violation of the FCCPA for Defendant to engage in the conduct explicitly prohibited by Fla. Stat. § 559.72(9).

57. Here, as stated above, Defendant's Collection Letter falsely states that the consumer must dispute the Consumer Debt in writing within thirty (30) days despite the clear wording of 15 U.S.C. §1692g(a)(3) which contains no such requirement that the consumer must dispute the debt in writing within thirty (30) days in the Collection Letter.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

58. At all times material, Defendant knew it did not have *any* statutory or contractual right and/or authority to assert that the only means by which Plaintiff could dispute the validity of the Consumer Debt within thirty (30) days was in writing.

59. As such, Defendant violated Fla. Stat. § 559.72(9) by falsely asserting that the only means by which Plaintiff could dispute the validity of the Consumer Debt was in writing.

60. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(a) Statutory damages, as provided under Fla. Stat. § 559.7(2);

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(d) Such other or further relief as the Court deems proper.

DATED: April 23, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*