**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Ft. Lauderdale Division)**

MARIE IACUONE, individually and
on behalf of all those similarly situated

    Plaintiff

v.                                                          CASE NO. 10:20-cv-60836-RKA

ADMIN RECOVERY, LLC

    Defendant

_____/

**ADMIN RECOVERY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES defendant Admin Recovery, LLC ("Admin") by and through undersigned counsel, and for its Answer and Affirmative Defense to Plaintiff's Complaint, states as follows upon information and belief:

**1.**     **JURISDICTION AND VENUE**

    1.    In response to the allegations in Paragraph 1, Admin admits that 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337, speak for themselves, but denies any violation therein.

    2.    Admin denies the allegations in Paragraph 2

**2.**     **PARTIES**

    3.    Admin lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 3 of the Complaint.

    4.    In response to Paragraph 4 of the Complaint, Admin admits that it has a principal place of business in Williamsville, NY.  Except as specifically admitted herein the remaining allegations in Paragraph 4 are denied.

5. In response to Paragraph 5 of the Complaint, Admin admits that as part of its business activities it attempts to collect debts owed to others and that when it is conducting business in that capacity it uses the mail and telephone. Admin lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in Paragraph 5 of the Complaint.

6. Admin lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 6 of the Complaint.

**3.     DEMAND FOR JURY TRIAL**

7. Admin admits that Plaintiff demands a trial by jury but denies that Plaintiff is entitled to same because Admin did not violate any law with respect to Plaintiff.

**4.     ALLEGATIONS**

8. Admin lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Admin admits that as part of its business activities it attempts to collect debts. Admin lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Admin admits that as part of its business activities it attempts to collect debts. Admin lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Admin admits that as part of its business activities it attempts to collect debts owed to others. Except as specially admitted

herein, Admin denies the allegations of Paragraph 11 of the Complaint. Admin lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Admin admits that at times it is a consumer collection agency, however, Admin lacks sufficient information and knowledge to either admit or deny whether it was acting as such in this matter.

13. Admin admits the allegations in Paragraph 13.

14. Admin admits the allegations in Paragraph 14.

15. Admin admits the allegations in Paragraph 15.

16. Admin lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 16 of the Complaint.

17. Admin lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Admin admits that while it may be a "debt collector" in some instances, Admin lacks sufficient information and knowledge to either admit or deny whether it was acting as such in this matter.

19. Admin admits that it attempted to collect and outstanding obligation from Plaintiff, however, denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20. In response to paragraph 20 of Plaintiff's Complaint, Admin admits only that it sent the letter referenced in the Complaint but denies the remaining allegations. To all other extents, Admin avers that the letter speaks for itself and is the best evidence of is content.

21. Admin denies the allegations in Paragraph 21 of Plaintiff's Complaint and avers that the letter speaks for itself and is the best evidence of is content.

22. Admin lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 22 of the Complaint.

23. Admin denies the allegations in Paragraph 23 of Plaintiff's Complaint and avers that the letter speaks for itself and is the best evidence of is content.

24. Admin that Paragraph 24 contains language from the letter and Admin avers that the letter speaks for itself and is the best evidence of is content.

**5.** **CLASS ALLEGATIONS**

25. In response to Paragraph 25 of Plaintiff's Complaint, Admin denies that a class exists under either of the statutes raised by Plaintiff, but admits that Plaintiff claims to bring this matter on behalf of two classes nonetheless.

26. Admin denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Admin denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Admin denies the allegations in Paragraph 28 of Plaintiff's Complaint.

**5.1** **EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT**

29. Admin denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Admin denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Admin denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Admin denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Admin denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Admin denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Admin denies the allegations in Paragraph 35 of Plaintiff's Complaint as no class exists.

**5.2   TYPICALITY**

36. Admin denies the allegations in Paragraph 36 of Plaintiff's Complaint.

**5.3.   ADEQUACY**

37. Admin lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 37 of the Complaint.

38. Admin lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 38 of the Complaint.

39. Admin lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 39 of the Complaint.

**5.4   PREDOMINANCE AND SUPERIORITY**

40   Admin denies the allegations in Paragraph 40 of Plaintiff's complaint and in each of its subparts (a) and (b).

41. Admin denies the allegations in Paragraph 41 of Plaintiff's Complaint.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692g(a)(3)**

42. In response to Paragraph 42 of the Complaint, Admin restates its responses to paragraphs 1-41 of the Complaint as if fully set forth herein.

43. In response to Paragraph 43 of the Complaint, Admin admits that the statute referenced therein speaks for itself but denies that it violated said statute.

44. Admin denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Admin denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46. Admin denies that Plaintiff is entitled to any of the relief sought in Paragraph 46 of the Complaint and in each of its subparts (a), (b) and (c).

## COUNT II.
## VIOLATION OF 15 U.S.C. § 1692e

47. In response to Paragraph 47 of the Complaint, Admin restates its responses to paragraphs 1-46 of the Complaint as if fully set forth herein.

48. In response to Paragraph 48 of the Complaint, Admin admits that the statute referenced therein speaks for itself but denies that it violated said statute.

49. Admin denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Admin denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51. Admin denies the allegations in Paragraph 51 of Plaintiff's Complaint

52. Admin denies the allegations in Paragraph 52 of Plaintiff's Complaint

53. Admin denies that Plaintiff is entitled to any of the relief sought in Paragraph 53 of the Complaint and in each of its subparts (d), (e) and (f).

## COUNT 3
## VIOLATION OF FLA. STAT. § 559.72(9)

54. In response to Paragraph 54 of the Complaint, Admin restates its responses to paragraphs 1-53 of the Complaint as if fully set forth herein.

55. In response to Paragraph 55 of the Complaint, Admin admits that the statute referenced therein speaks for itself but denies that it violated said statute.

56. In response to Paragraph 56 of the Complaint, Admin admits that the statute referenced therein speaks for itself but denies that it violated said statute.

57. Admin denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58. Admin denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59. Admin denies the allegations in Paragraph 59 of Plaintiff's Complaint

60.     Admin denies that Plaintiff is entitled to any of the relief sought in Paragraph 60 of the Complaint and in each of its subparts (a), (b), (c) and (d) and Admin specifically denies all other allegations set forth in Plaintiff's Complaint that have not otherwise been specifically admitted or denied.

AND NOW, in further Answer to the Complaint, Defendant Admin Recovery, LLC avers as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Any violation of state or federal law, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid such error.  Admin maintains policies and procedures reasonably adapted to avoid the violation alleged in Plaintiff's Complaint.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Admin denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability Admin.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Plaintiff's claims fail, in whole or in part, for lack of standing and/or lack of subject matter jurisdiction because he has not sustained any cognizable injury or damages.

### FIFTH DEFENSE

Any violation of the law, which denies, was not material.

## SIXTH DEFENSE

Plaintiff's claims against Admin may be subject to an arbitration provision and Plaintiff may be required to raise her claims against Admin in that forum.

## SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by laches, unclean hands, waiver, estoppel or failure to mitigate damages (if any).

## EIGHTH DEFENSE

Plaintiff will not be able to meet the requirements of Fed. R. Civ. P. 23.

## RESERVATION OF DEFENSES

Admin reserves the right to plead additional defenses or otherwise amend its Answer pursuant to Fed. R. Civ. P. 8(c) and 12(b) and as may be revealed through discovery and upon further particularization of Plaintiff's claims.

WHEREFORE, Defendant Admin Recovery, LLC prays for an order and judgment of this Court in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against Defendant with prejudice and on the merits; and,

2. Awarding Defendant such other and further relief as the Court deems just and equitable.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire, Bar #335045
200A Monroe St., Suite 104
Rockville, MD   20850
Direct Dial (301) 424-7490
Direct Fax (301) 424-7470
E-Mail:  rcanter@roncanterllc.com
*Attorney for Defendant*

*Local Address:*
400 S. Dixie Highway, Suite 322
Boca Raton, FL 33432

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by CM/ECF electronic notification on this 26th day of May, 2020 to:

Jibrael Hindi, Esq.
Thomas J. Patti, III, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, 17th Floor
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com
*Attorneys for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant*